Luke Clyde TEIXEIRA, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00194–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 12, 2002.

Decided Oct. 1, 2002.

Patrice Savage, Carthage, for appellant.

William M. Jennings, Gregg County District Attorney, Longview, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Luke Teixeira appeals from his conviction for the offense of aggravated sexual assault on a child. He pled guilty to the court without a plea agreement, and after a punishment hearing at which several witnesses testified, the court sentenced him to life imprisonment.

On appeal, Teixeira raises four issues: first, the trial court erred by refusing to consider the entire range of punishment; second, the trial court erred by allowing Gayle Burress to testify as an expert on sexual assault; third, he received constitutionally ineffective assistance of counsel at the punishment hearing; and, fourth, the evidence is factually insufficient to support the conviction.

Teixeira first contends the court erred by refusing to consider the entire range of punishment. His contention is based on the following exchange between the court and Teixeira:

The Court: Do you realize that probation is not a possibility insofar as ordinary probation is concerned?

Defendant: Yes, sir.

The Court: You understand that if the Court defers adjudication of your guilt and places you on deferred adjudication probation, on violation of any imposed condition you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to determination by the Court of whether to proceed with adjudication of guilt on the original charge. No appeal may be taken from the determination. And after adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and your right to appeal continue as if adjudication of guilt had not been deferred. Do you understand that?

Defendant: Yes, sir.

The Court: Now, I'm telling you as an admonishment because that is the law. But I'm also telling you here right up front that I am not going to grant you deferred adjudication in this case. Your lawyer has told you that, hasn't he?

Defendant: No, sir.

The Court: You do not expect that, do you?

Defendant: I don't expect it, no, sir.

The Court: And you realize, from what I'm telling you right now, that that's just simply not going to happen.

■ A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. *Granados v. State*, 85 S.W.3d 217 (Tex.Crim.App.2002); *Johnson v. State*, 982 S.W.2d 403, 405 (Tex.Crim.

App.1998). Such a complaint is not preserved for review unless a timely objection is raised. *Washington v. State*, 71 S.W.3d 498, 499 (Tex.App.-Tyler 2002, no pet.); *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.-Corpus Christi 1993), pet. dism'd, 872 S.W.2d 758 (Tex.Crim.App.1994); *Cole v. State*, 757 S.W.2d 864, 865 (Tex.App.-Texarkana 1988, pet. ref'd). No objection was made to the court's statement; thus, the complaint was waived. We overrule this contention of error.

■ Teixeira next contends the trial court erred by permitting Gayle Burress to testify as an expert witness on the topic of sexual assault. The admission of expert testimony is within the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of that discretion. *Wyatt v. State*, 23 S.W.3d 18 (Tex.Crim.App.2000); *Hooks v. State*, 44 S.W.3d 607, 615 (Tex.App.-Texarkana 2001, pet. ref'd). To preserve error, anyone objecting to the admission of evidence must state the specific ground for the objection, unless the specific ground is apparent from the context. Tex.R. Evid. 103(a); Tex.R.App. P. 33.1; *Bird v. State*, 692 S.W.2d 65, 70 (Tex.Crim.App.1985). For example, an objection to an improper predicate does not preserve error unless the trial court is informed exactly how the predicate is deficient. *Bird*, 692 S.W.2d at 70; *Hernandez v. State*, 53 S.W.3d 742, 745 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

■ This Court has held that generally objecting to the qualifications of a tendered expert witness, without specifying any particular deficiency in her qualifications or the reliability of her expert opinions, is not sufficient to preserve error on appeal. *Chisum v. State*, 988 S.W.2d 244

(Tex.App.-Texarkana 1998, pet. ref'd).[1]

■ After Burress testified about her background as a therapist and licensed counselor and her educational background, Teixeira's defense attorney objected to her testimony. He objected because he had not been informed that she would be testifying as an expert and asked that she be qualified more thoroughly as an expert.[2] Counsel made no specific objection to any aspect of her expertise in the area. Such a general objection does not preserve error for appellate review, and without a showing that the trial court abused its discretion in admitting the testimony, we find no error and thus overrule this contention.

Teixeira further contends that he received constitutionally ineffective assistance of counsel. The standard of testing claims of ineffective assistance of counsel was set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). To prevail on this claim, the appellant must prove by a preponderance of the evidence (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 695, 104 S.Ct. 2052; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex.Crim.App. 1999). To meet this burden, the appellant must prove that his attorney's representation fell below the standard of prevailing professional norms and that there is a

reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App.2000). Under this standard a claimant must prove that counsel's representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052.

■ Our review of counsel's representation is highly deferential. We indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, *Tong*, 25 S.W.3d at 712. This Court will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim.App.1979). That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex.App.-Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

■ Teixeira specifically contends his trial counsel was ineffective in failing to request that a sexual offense expert be appointed to assist at trial or in mitigation

---

**1.** *See Scherl v. State*, 7 S.W.3d 650, 652 (Tex. App.-Texarkana 1999, pet. ref'd) [holding that general objection referring broadly to Rule of Evidence 702 and to a case only generically complained about the predicate of evidence without providing necessary specificity to allow trial court to rule on issue]. An objection to an improper predicate that fails to inform

the trial court exactly how the predicate is deficient will not preserve error. *Bird v. State*, 692 S.W.2d 65, 70 (Tex.Crim.App. 1985); *Mutz v. State*, 862 S.W.2d 24, 30 (Tex. App.-Beaumont 1993, pet. ref'd).

**2.** Counsel has not raised notice as an issue on appeal.

of punishment. Counsel argues that because of the nature of these crimes and in light of the predictable testimony by the State's expert that Teixeira would be likely to reoffend, trial counsel should have obtained an expert to challenge those expert conclusions and to mitigate the State's claims about his future propensity to commit such crimes.

In order for this argument to have merit, there must be some showing in the record that an expert would have testified in a manner that would have benefitted Teixeira. Without such a showing, this *Strickland* attack on the conviction is not sustainable. We are unwilling to take the position that an expert must be obtained in all sexual assault cases. We overrule this contention of error.

Teixeira finally contends the evidence is legally and factually insufficient to support the verdict. In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This calls upon the court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000).

In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party. *Johnson v. State,* 23 S.W.3d at 7. In determining the factual sufficiency of the evidence to establish the elements of the offense, we view all the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

Teixeira contends the evidence is insufficient in this guilty plea because a stipulation of evidence which he signed states that all facts "alleged in the Indictment herein are true and correct in that on the 1st day of January, **1999,** in the County of Gregg ..." he committed the alleged crime. The indictment alleges that he committed the act on or about the 1st day of January **1997.**

Teixeira also, however, signed a judicial confession stating that he had committed the offense as set out in the indictment, and the police report which was admitted into evidence contains information showing that Teixeira assaulted the victim in this case when she was six years old, and that she was born in 1991.

There is clearly some evidence in support of the verdict. Thus, the legal sufficiency contention fails. At most, there is a conflict in the evidence of guilt. We find from this record that the evidence showing that he is not guilty of the charged offense is not so overwhelming as to require us to find that the evidence is factually insufficient. We overrule this contention of error.

We affirm the judgment.

Concurring Opinion by GRANT, J.

GRANT, Justice, concurring.

I do not agree with the majority opinion that counsel would be required to make an objection to such fundamental error, because the trial strategy might make such an objection imprudent. However, I concur with the results because the appropriate action by counsel would have been to move to recuse the trial judge on the basis that the trial judge had expressed an unwillingness to consider the entire range of punishment. A motion to recuse is considered timely filed when the matter for recusal arises even after the ten day deadline set in Tex.R. Civ. P. 18(a). *Martin v.*

*State*, 876 S.W.2d 396 (Tex.App.-Fort Worth 1994, no pet.); *Keene Corp. v. Rogers*, 863 S.W.2d 168 (Tex.App.-Texarkana 1993, no pet.).