**Shawn Marcus CUMMINGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00124–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 22, 2005.

Decided March 23, 2005.

Rehearing Overruled April 13, 2005.

Ray Bowman, Asst. Dist. Atty., Longview, for State.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

After pleading guilty without the benefit of a negotiated plea agreement, the trial court found Shawn Marcus Cummings guilty of stealing over $20,000.00 worth of compact disks and other merchandise from the Lifeway Christian Store in Longview, Texas, and the court sentenced Cummings to seven years' imprisonment. Cummings now appeals the trial court's judgment, arguing that the trial court erred in failing to admonish Cummings concerning deferred adjudication community supervision and thereby precluded consideration of all available sentencing options. We affirm.

## I. Factual and Procedural Background

On May 21, 2004, Cummings waived a jury trial and pled guilty to the offense of theft of property valued at greater than $20,000.00 but less than $100,000.00. *See* TEX. PEN.CODE ANN. § 31.03 (Vernon Supp. 2004–2005). That offense is a third-degree felony. *See* TEX. PEN.CODE ANN. § 31.03(e)(5). The punishment range for a third-degree felony is imprisonment for not less than two years nor more than ten years. TEX. PEN.CODE ANN. § 12.34 (Vernon 2003). The applicable punishment also includes a fine of up to $10,000.00. *Id.*

In connection with his guilty plea, Cummings signed several documents, including an application for probation [1] and a series of written admonishments regarding his guilty plea. The admonishments included an explanation that, by pleading guilty,

Clement Dunn, Longview, for Appellant.

---

1. The term "probation" has been replaced by the statutory term "community supervision." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 1 (Vernon Supp.2004–2005). During this guilty plea process, the term "probation" was used.

Cummings would be waiving his right for ten days' trial preparation time, waiving his right to a reading of the indictment, and waiving his right to confront and cross-examine the State's witnesses. The group of documents signed by Cummings also include a stipulation of evidence that appears to track the indictment. Among these documents, however, there is no written admonishment concerning the possibility of the trial court deferring a finding of guilt and placing Cummings on community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp. 2004–2005).

Before accepting Cummings' guilty plea, the trial court orally reviewed its standard admonishments concerning the guilty plea by advising Cummings of the specific charge, and determining that he understood the indictment. The court then further advised Cummings:

> THE COURT: Are you telling me that you fully understand, you fully comprehend the exact nature of the accusation brought against you by the indictment?
>
> [Cummings]: Yes, I do, your Honor.
>
> THE COURT: How do you plead to this indictment?
>
> [Cummings]: I'm pleading guilty, your Honor.
>
> THE COURT: Upon your plea of guilty I must find you guilty. I cannot find you not guilty if you plead guilty; do you understand that?
>
> [Cummings]: Yes, I do, your Honor.
>
> THE COURT: Once I make a finding of guilt, the law requires that I assess your punishment to confinement in the Institutional Division of the Texas Department of Criminal Justice, that's the state penitentiary, for a period of not less than two years, no more than ten years.

> In addition to any period of confinement, I may impose a fine up to $10,000. You understand that is the range of punishment fixed by law for this type of offense?
>
> [Cummings]: Yes, I do.
>
> . . . .
>
> THE COURT: Okay. You have the right to file an application for a probated sentence. I note that you've done that. I tell you that you having filed that application, the law requires, and I will, in fact, consider it, but I'm under no duty, no obligation, no commitment to anyone to grant probation in this matter; do you understand that?
>
> [Cummings]: Yes, I do, your Honor.
>
> THE COURT: If probation is granted, I get to set its terms and conditions, including its length, which may be as little as two years, may be as many as ten years.
>
> Also, if I grant probation, and I don't know whether I am or not, I could impose a special condition that you serve what we call some up-front time in the county jail, up to 90 days—well, up to 180 days in the county jail.
>
> Do you understand the Court sets the terms and conditions of probation if probation is granted?
>
> [Cummings]: Yes, I do, your Honor.

The court then explained the procedure in the event Cummings was charged with a violation of community supervision conditions, accepted a judicial confession of guilt, and determined that the plea was freely and voluntarily entered. Cummings reiterated his plea of guilty.

## II. Failure To Consider the Full Range of Punishment

■ In his only point of error, Cummings contends that the trial court erred by failing to admonish him regarding the possibility of receiving deferred adjudica-

tion and that this omission ostensibly caused the trial court to fail to consider the full range of punishment. Cummings then contends he suffered harm because the trial court found him guilty without first giving both the State and Cummings the opportunity to recommend deferring a finding of guilt.

Article 26.13 of the Texas Code of Criminal Procedure requires the trial court to advise a defendant of the range of punishment attached to the offense, but does not specifically require the court to admonish the defendant concerning the possibility of deferred adjudication. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp.2004–2005). An admonishment concerning the possible consequences of deferred adjudication is required only "[a]fter placing the defendant on community supervision...." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a). Deferred adjudication is a form of community supervision,[2] and it is not necessary for a trial court to explain all possible forms or conditions or community supervision in order to properly admonish a defendant in accordance with Article 26.13.

Here, the trial court clearly admonished Cummings as to the range of punishment, acknowledged Cummings had filed an application for community supervision, stated it would consider the application, informed Cummings that, if community supervision was granted, then the court would set the conditions, and informed Cummings of the consequences of violation of community supervision conditions. However, in this case, Cummings' complaint is that the trial court effectively refused to consider deferred adjudication probation, as evidenced by its comments.

As can be read from the text of the trial court's admonishments, the trial court did not discuss the possibility of deferring a finding of guilt and placing Cummings on community supervision. Even if that omission was erroneous, Cummings did not object nor raise the issue in his motion for new trial, which was overruled by operation of law seventy-five days after the trial court imposed Cummings' sentence. See TEX.R.APP. P. 21.8(a), (c).

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

---

**2.** Article 42.12, Section 2(2) provides:

"Community supervision" means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:

(A) criminal proceedings are deferred without an adjudication of guilt; or

(B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp.2004–2005).

(B) refused to rule on the request, objection or motion, and the complaining party objected to the refusal.

Tex.R.App. P. 33.1(a).

In *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex.App.-Texarkana 2002, pet. ref'd),[3] this Court explained that a trial court "denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment." (citing *Granados v. State*, 85 S.W.3d 217 (Tex. Crim.App.2002); *Johnson v. State*, 982 S.W.2d 403, 405 (Tex.Crim.App.1998)). However, in *Teixeira*, we also emphasized for one to preserve a complaint for appeal that the trial court failed to consider the full range of punishment, the error, if any, must be raised to the trial court. *Id.* In *Teixeira*, the appellant failed to raise the alleged error at the trial court level and thereby waived the error for purposes of appellate review. Similarly, in this case, Cummings did not object during the trial court's admonishment colloquy with Cummings, nor did he object at the time the trial court stated, "Based upon your plea of guilty, and based upon the evidence offered in connection with that plea and beyond a reasonable doubt, I find you [Cummings] guilty of theft of property of the value of $20,000 or more but less than $100,000 as charged in the indictment." And, again, when the trial court asked whether there was "[a]ny reason in law [why] this sentence should not now be formally pronounced," Cummings' counsel responded, "Not at this time, your Honor." The objection raised on appeal was not, therefore, raised before the trial court and was thereby waived. *Cf. Teixeira*, 89 S.W.3d at 192; *Washington v. State*, 71

S.W.3d 498, 499 (Tex.App.-Tyler 2002, no pet.).

▪ Moreover, as is clear from the plea colloquy between Cummings and the trial court, the trial court did give consideration to the possibility of granting community supervision in this case. Ultimately, though, the trial court decided that the facts of the case did not merit such leniency. After discussing the facts presented in this case, the court stated, "But I'm not granting probation under these facts and for the person that stands before this bench." Accordingly, even had Cummings' point of error been preserved for appellate review, the record before us refutes the contention that the trial court arbitrarily failed to consider the full range of punishment. *Cf. Davis v. State*, 125 S.W.3d 734, 736 (Tex.App.-Texarkana 2003, no pet.) (trial court acknowledged on record it would consider accused's application for community supervision).

For the foregoing reasons, we affirm the trial court's judgment.

---

**3.** *See also Teixeira v. Texas*, 540 U.S. 1188, 124 S.Ct. 1434, 158 L.Ed.2d 96 (2004) (denying Teixeira's petition for writ of certiorari in

connection with the denial of relief in his state post-conviction habeas application).