NO.
12-06-00165-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

CRYSTAL ANNE TORREZ,           §          APPEAL
FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Crystal Anne
Torrez appeals her convictions for three counts of abandoning or endangering a
child, for which she was sentenced to two years in a state jail facility and
fined $10,000.  In one issue, Appellant
contends that the trial court erred by refusing to consider the full range of
punishment during the revocation hearing. 
We affirm.

 

Background

            On
March 2, 2005, Appellant was charged by indictment with three counts of
abandoning or endangering a child with intent to return for the child, a state
jail felony.[1]








 
On August 25, 2005, Appellant and her counsel signed an agreed plea
recommendation stating, in part, that she agreed to the stipulation of
evidence, judicially confessed to the offenses alleged in the indictment,
waived her time to file motions for new trial and in arrest of judgment, waived
her right to appeal, and waived her right of trial by jury.  This document was acknowledged by Appellant,
her counsel, and the State’s attorney. 
The trial court accepted Appellant’s plea, adjudicated her guilty of
three counts of abandoning or endangering a child, and sentenced Appellant to
two years in a state jail facility and a $1,500 fine.  However, the trial court suspended imposition
of the sentence and placed Appellant on community supervision for five
years.  One of the terms of Appellant’s
community supervision was that she commit no offense against the laws of this
State.  In its judgment, the trial court
stated that, if the case was revoked, Appellant would serve two years in a
state jail facility for each count.

            On
January 4, 2006, the State filed an amended motion to revoke Appellant’s
community supervision.  The motion
alleged that Appellant had violated the terms of her community supervision by
failing to commit no offense against the laws of this State, failing to report
to the community supervision officer, failing to pay the cost of the substance
abuse evaluation, failing to perform community service restitution, and failing
to pay supervision fees, court costs, and crime stoppers. Appellant pleaded “not
true” to committing the acts alleged in the State’s motion.  On March 30, 2006, the trial court held a
revocation hearing. Before witnesses were heard, the trial court stated that,
contrary to its previous agreement, it could not accept an arrangement to
sentence Appellant to community supervision. 
The trial court stated that it had been reminded of the Appellant’s “irresponsibility.”  Appellant did not object. 

            At
the conclusion of the hearing, the trial court found it “true” that Appellant
violated the conditions of her community supervision in that she failed to
commit no offense against the laws of this State, failed to report to the
community supervision officer, failed to pay the cost of the substance abuse
evaluation, and failed to perform community service restitution.  The trial court revoked Appellant’s community
supervision and assessed punishment at two years in a state jail facility and a
$10,000 fine.  When asked if there was
any reason why the trial court should not sentence Appellant, her counsel
replied “no legal reason.”  This appeal
followed.

 

Full Range
of Punishment

            In
her sole issue on appeal, Appellant argues that the trial court erred by not
considering the full range of punishment, denying her a fair and impartial
trial.  The State contends that Appellant
failed to preserve error by making a timely objection to the trial court.  The State also argues that Appellant’s issue
should be denied because she failed to make a proper legal argument.  According to the State, Appellant’s brief
failed to contain citations to case law in support of her position and did not
make a legal argument based upon the authorities cited.  Finally, the State contends that there is no
evidence in the record that shows the trial court had predetermined Appellant’s
sentence.

Preservation of Error

            A
court denies due process and due course of law if it arbitrarily refuses to
consider the entire range of punishment for an offense or refuses to consider
the evidence and imposes a predetermined punishment.  Teixeira v. State, 89 S.W.3d
190, 192 (Tex. App.–Texarkana 2002, pet. ref’d).  However, 
as a prerequisite to presenting a complaint for appeal, the record must
show that a complaint was made to the trial court by a timely request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1).  The request, objection, or motion must state
the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the
complaint.  Tex. R. App. P. 33.1(a)(1)(A).  The trial court must have ruled on the
request, objection, or motion, either expressly or implicitly.  Tex.
R. App. P. 33.1(a)(2)(A).  If the
trial court refused to rule, the complaining party must have objected to the
refusal.  Tex. R. App. P. 33.1(a)(2)(B).

            In
Hull v. State, the trial court admonished the appellant that the
court would apply a policy of “zero tolerance” when it probated his
sentence.  Hull v. State,
67 S.W.3d 215, 217 (Tex. Crim. App. 2002). 
The court of criminal appeals concluded that the appellant, who did not
object to the admonishment when his conditions of probation were imposed or
when his probation was revoked, waived any complaint about the trial court’s “zero
tolerance” policy.  Id. at
217-18.  Similarly, Appellant did not
object after the trial court refused to accept an arrangement that she be
sentenced to community supervision or before she was formally sentenced by the
trial court. As such, Appellant has waived her issue on appeal.  See Tex.
R. App. P. 33.1(a)(1).  However, even
if Appellant did not waive her complaint by failing to object, we note that her
argument was inadequately briefed.

Proper Legal Argument

            Appellant’s
brief contained global citations to articles 1.04 and 1.05 of the Texas Code of
Criminal Procedure, the Texas Constitution, and the United States
Constitution.  However,  Appellant did not separately argue her state
and federal constitutional claims or argue that the Texas constitutional
protections differ in any significant way from those protections or rights in
the United States Constitution.  To
adequately brief a state constitutional issue, Appellant must proffer specific
arguments and authorities supporting her contentions under the state
constitution.  Moore v. State,
935 S.W.2d 124, 128 (Tex. Crim. App. 1996); Lawton v. State, 913
S.W.2d 542, 558 (Tex. Crim. App. 1995). 
Because Appellant failed to do so, we consider Appellant’s sole issue as
a federal constitutional claim only.  See
Jackson v. State, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999); Johnson
v. State, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992). 

            An
appellant’s brief must contain a clear and concise argument for the contentions
made, with appropriate citation to authorities and to the record.  Tex.
R. App. P. 38.1(h).  However,
Appellant’s argument regarding the violation of her federal constitutional
protections and rights was conclusory. 
Appellant also fails to describe any justification for a determination
that the trial court violated her federal constitutional protections and rights
by refusing to consider the full range of punishment.  Although Appellant’s brief contained a global
citation to the United States Constitution, the court of criminal appeals
stated that it is “incumbent upon counsel to cite specific legal authority and
to provide legal argument based upon that authority.”  Rhoades v. State, 934 S.W.2d
113, 119 (Tex. Crim. App. 1996). 
Further, it is not sufficient that an appellant globally cite to, for
instance, the Sixth Amendment, and nothing else in her request for reversal.  See id.  Appellant’s argument was conclusory and
contained only global citations to authorities without any legal argument based
upon that authority.  Therefore, even if
the issue had been preserved, she has waived the issue on appeal by failing to
adequately brief it. See Tex. R.
App. P. 38.1(h).  Appellant’s sole
issue is overruled.

 

Disposition

 

            The
judgment of the trial court is affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered November 1, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle,, J.

 

(DO NOT PUBLISH)











[1] See Tex.
Pen. Code Ann. § 22.041 (Vernon 2003).