In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00095-CR


______________________________




CASSANDRA JOHNSON COOKSIE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32833-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Cassandra Johnson Cooksie (1) has appealed her conviction for theft of property over
$20,000.00 but less than $100,000.00, a third-degree felony. See Tex. Penal Code Ann.
§ 31.03(e)(5) (Vernon Supp. 2007). Cooksie entered an open plea of guilty, signed a stipulation of
evidence, and was sentenced by the trial court to five years' imprisonment. See Tex. Penal Code
Ann. § 12.34 (Vernon 2003) (third-degree felony supports sentence between two and ten years).

 We affirm the judgment of the trial court because (1) Cooksie did not preserve her claim that
the trial court did not consider the full range of punishment, and (2) Cooksie has not provided
evidence to support her claim that her sentence was disproportionate.

(1) Cooksie Did Not Preserve Her Claim That the Trial Court Did Not Consider the Full Range
of Punishment

 On appeal, Cooksie contends the trial court erred by failing to consider the full range of
punishment in her case, including community supervision. She contends the trial court's statement,
"I'm sorry she lost her husband. I'm sorry that these children lost their father. They've had a lot put
upon them. I question the wisdom of them being in the courtroom at this time, to be honest with
you, because it ain't going to be pretty what's getting ready to happen," indicates the trial court failed
to consider the full range of punishment and demonstrated a commitment to a predetermined
sentence. 

 In Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.--Texarkana 2002, pet. ref'd), this Court
explained that a trial court "denies due process and due course of law if it arbitrarily refuses to
consider the entire range of punishment for an offense or refuses to consider the evidence and
imposes a predetermined punishment," citing Granados v. State, 85 S.W.3d 217 (Tex. Crim. App.
2002), and Johnson v. State, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998). However, in Teixeira,
we also emphasized that, for one to preserve a complaint for appeal contending the trial court failed
to consider the full range of punishment, the error, if any, must be raised to the trial court. 89
S.W.3d at 192. In Teixeira, the appellant failed to raise the alleged error at the trial court level and
thereby waived the error for purposes of appellate review. Similarly, in this case, Cooksie did not
object at the trial court level. The objection raised on appeal was not, therefore, raised before the
trial court and was thereby waived. Id.; see Cummings v. State, 163 S.W.3d 772, 776 (Tex.
App.--Texarkana 2005, pet. ref'd); Washington v. State, 71 S.W.3d 498, 499 (Tex. App.--Tyler
2002, no pet.); see also Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). We overrule this
point of error.

(2) Cooksie Has Not Provided Evidence to Support Her Claim That Her Sentence Was
Disproportionate


 Cooksie also contends her sentence was disproportionate to her offense. Cooksie's motion
for new trial contains a contention that the sentence was disproportionate to the offense. A motion
for new trial is an appropriate way to preserve this type of claim for review. See Williamson v. State,
175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904
(Tex. App.--Texarkana 2005, no pet.).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Cooksie's
sentence falls within the applicable range of two to ten years. See Tex. Penal Code Ann. § 12.34.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Dunn v. State, 997 S.W.2d 885, 892 (Tex. App.--Waco 1999, pet.
ref'd); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey v. State,
881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see also Ex parte Chavez, 213
S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited,
'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has
been reformulated as an initial threshold comparison of the gravity of the offense with the severity
of the sentence, and then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.--Texarkana 2006, no pet.); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Even if one were to conclude that Cooksie's sentence is grossly disproportionate to the crime
she committed, there is no evidence in the record from which we could compare her sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Cooksie's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison"). We overrule
this point of error.


 We affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 5, 2007

Date Decided: December 11, 2007


Do Not Publish 

 


1. Cooksie stated that her maiden name is Cooksie, and stated her name in the record as
"Cassandra Gail Cooksie Johnson." Her name is listed on the judgment as "Cassandra Johnson
Cooksie." We refer to her in this opinion as Cooksie.


 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00115-CV

                                                ______________________________

 

 

                                        JOHN A.
HOSKINS, Appellant

 

                                                                V.

 

                                          JEFFREY STOTTS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 73,136

 

                                                          
                                        

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

          John
A. Hoskins, appellant, has filed with this Court a motion to withdraw his
notice of appeal and dismiss his pending appeal in this matter pursuant to Rule
42.1(a) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 42.1(a).  The motion is signed by the appellant, who is
representing himself.  

          We grant the appellants motion and
dismiss the appeal.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:     January 26, 2010

Date Decided:       January 27, 2010