

# NUMBER 13-12-00168-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARIO KEITH GARZA,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

## On appeal from the 329th District Court
## of Wharton County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, Mario Keith Garza, pleaded guilty to possession of a controlled substance, a third degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). The trial court held a punishment hearing and sentenced Garza to ten years' incarceration, probated for five years. Subsequently, the State filed a motion to

revoke Garza's probation. Following a hearing on the State's motion to revoke, the trial court sentenced Garza to ten years' confinement. By one issue, Garza contends that the trial court violated his due process rights by failing to consider the full range of punishment. We modify the judgment and affirm as modified.

## I. DISCUSSION

A trial court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense and imposes a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). In *Teixeira v. State*, the Texarkana court of appeals emphasized that, for one to preserve a complaint for appeal contending the trial court failed to consider the full range of punishment, the error, if any, must be raised to the trial court. 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). In *Teixeira*, the appellant failed to raise the alleged error at the trial court level, and the court of appeals held that he waived the error for purposes of appellate review. *Id.* In *Garza v. State*, this Court also determined, in an unpublished opinion, that in order to preserve a complaint for appellant review that the trial court failed to consider the full range of punishment, the appellant must object to the trial court. No. 13-08-00244-CR, 2009 Tex. App. LEXIS 6866, at *3–5 (Tex. App.—Corpus Christi Aug. 28, 2009, no pet.) (mem. op., not designated for publication).

In this case, Garza did not object at the trial court level on the basis that the trial court failed to consider the full range of punishment. Therefore, the objection raised on appeal was not raised before the trial court and was thereby waived. *See Cummings v.*

2

*State*, 163 S.W.3d 772, 776 (Tex. App.—Texarkana 2005, pet. ref'd); *Teixeira*, 89 S.W.3d at 192; *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *see also Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); *Garza*, 2009 Tex. App. LEXIS 6866, at *3–5. We overrule Garza's sole issue.[1]

## II.  MODIFICATION

The judgment revoking Garza's community supervision states that the offense Garza was convicted of committing is "criminal attempt—possession of a controlled substance with intent to deliver." The judgment cites that the statute for the offense committed by Garza is section 15.01 of the penal code. *See* TEX. PENAL CODE ANN. § 15.01 (West 2011).

However, at his plea hearing, the trial court asked Garza if he "understood" that he was pleading guilty to possession of a controlled substance, a third degree felony. The prosecutor stated, "The terms of the plea is that Count I will be set aside at the time of the hearing under Penal Code 12.44 with the admission of guilt. . . . And Count 2, which is what we're going forward is on solely the possession, we've abandoned our allegation that he had intent to deliver or that it was a drug free zone." Garza then pleaded guilty to that offense, and the trial court accepted his plea. The plea papers state that Garza pleaded guilty to the offense of possession of a controlled substance and cite section 481.115 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115.

---

[1] We note that in the law section of his brief, Garza cites law concerning whether a trial court is biased. To the extent that Garza attempts to challenge the trial court's judgment on the basis that the trial court was biased, we conclude that issue is not adequately briefed because Garza has not provided any argument with citation to appropriate authority supporting that argument. *See* TEX. R. APP. P. 38.1(i). Therefore, we will not address it. *See id.*

3

The trial court's judgment mistakenly states that Garza was convicted under section 15.01 of the penal code. *See* TEX. PENAL CODE ANN. § 15.01. As explained above, Garza was convicted of possession of a controlled substance pursuant to section 481.115 of the health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. The Texas Rules of Appellate Procedure give this Court authority to modify judgments sua sponte to correct typographical errors and make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). Therefore, we hereby modify the judgment to indicate that Garza was convicted of the offense of possession of a controlled substance pursuant to section 481.115 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115; *see also* TEX. R. APP. P. 43.2; *French*, 830 S.W.2d at 609; *Rhoten*, 299 S.W.3d at 356; *Gray*, 628 S.W.2d at 233.

### III. CONCLUSION

We modify the trial court's judgment and affirm as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of May, 2013.

4