

**NUMBERS 13-13-00055-CR & 13-13-00056-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RANDY JAMES LEWIS JR.,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

In this consolidated appeal, appellant, Randy James Lewis Jr., challenges two separate punishments assessed by the trial court arising out of two separate motions to revoke his deferred adjudication community supervision imposed for separate offenses, to wit: (1) aggravated robbery, a first-degree felony, *see* TEX. PENAL CODE ANN. §

29.03(a)(2) (West, Westlaw through 2013 3d C.S.); and (2) burglary of a habitation, a second-degree felony, *see id.* § 30.02(a)(3), (c)(2) (West, Westlaw through 2013 3d C.S.).[1]  We affirm.

## I.    BACKGROUND[2]

On June 27, 2011, Lewis pleaded guilty to:    (1) one count of aggravated robbery, a first-degree felony ("the aggravated robbery offense"); and (2) one count of burglary of a habitation, a second-degree felony ("the burglary offense").   The trial court deferred adjudication on each charge and placed Lewis on community supervision, with specific conditions, for a term of ten years.

On September 18, 2012, the State filed two motions to revoke Lewis's deferred adjudication community supervision for the aggravated robbery offense and burglary offense, respectively.   In both motions, the State alleged, *inter alia*, that Lewis failed to: (1) report by mail to the Jefferson County Community Supervision and Corrections Department from November 2011 through August 2012; (2) work faithfully at suitable employment and provide verification of such; and (3) provide verification of performing the community service hours required by his community supervision terms.[3]

---

[1] For reference, appellate cause number 13-13-00055-CR corresponds to trial court cause number 11-10830, burglary of a habitation, *see* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (West, Westlaw through 2013 3d C.S.); and appellate cause number 13-13-00056-CR corresponds to trial court cause number 11-11140, aggravated robbery, *see id.* § 29.03(a)(2) (West, Westlaw through 2013 3d C.S.).

[2] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[3] At the revocation hearing, the State abandoned a third allegation that Lewis committed the offense of aggravated assault by causing serious bodily injury with a deadly weapon in Travis County. Also, the trial court expressly did not consider a fourth allegation that Lewis failed to pay court-assessed fees totaling $1,170.00.

On January 14, 2013, the trial court held a consolidated hearing on both motions to revoke. Lewis pleaded "true" to each allegation. Additionally, the trial court received testimony from Lewis and heard arguments from Lewis's counsel and the State. Consequently, the trial court found all three of the State's allegations on each charge to be "true," revoked Lewis's community supervision, found Lewis guilty of each charge, and sentenced him to forty years' imprisonment in the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID) for the aggravated robbery offense and twenty years' imprisonment in the TDCJ-ID for the burglary offense. The sentences were ordered to run concurrently. This appeal followed.

## II. DUE PROCESS CHALLENGE

By his first issue, Lewis asserts that the trial court violated his due process rights by not considering the entire range of punishment for his offenses.

### A. Waiver

The State argues that Lewis did not preserve error for appellate review because he failed to object during the trial court's sentencing and did not raise the issue in a motion for new trial. We agree.

### 1. Applicable Law

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). In order to preserve review on such a complaint, a timely objection must be raised at the trial court. *Id.*; *see* TEX. R. APP. P. 33.1.

3

In *Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002) (en banc), the court of criminal appeals held that a defendant who failed to object to the trial court's imposition of a "zero tolerance" policy toward probation forfeited his right to complain on appeal. The *Hull* Court noted that the court informed the defendant of its "zero tolerance" policy toward probation "in no uncertain terms," that the defendant understood the court's "zero tolerance" policy to be overriding and controlling, and that the defendant failed to object at the revocation hearing.

Three years later, the court of criminal appeals did not find waiver of a similar issue, despite the defendant's failure to object to the trial court's sentence. *See Ex parte Brown*, 158 S.W.3d 449, 453 n.3 (Tex. Crim. App. 2005) (per curiam). In *Brown*, the defendant sought review of the trial court's violation of his due process rights by prejudging his punishment in a probation revocation hearing through a writ of habeas corpus. *Id.* at 452. The *Brown* Court distinguished its holding in *Hull* by stating that the trial judge in *Brown* imposed "the maximum sentence without any explanation for its basis" at the revocation hearing, thereby giving the defendant an inadequate opportunity to object at the time of the conduct, whereas in *Hull*, the trial court orally expressed a "zero tolerance" policy toward probation offenders, and the record showed that the appellant was aware of it, but did not object. *Id.*

### 2. Discussion

At the revocation hearing in this case, the trial court engaged Lewis in a dialogue, and Lewis made the following opening remark:

> I just wanted to say in 2011, when I signed for probation, I really didn't have a game plan. My mind wasn't set on my future and completing my probation successfully. But I'm 21 now. I got my mind right. I just want to say I know what I got to do, and I'm ready to do it. I just ask for another

4

chance to prove it to you.

The trial court then replied:

> You know, I think if you get another chance you're going to wind up killing somebody; that's what I think. That's what I think.

The trial court then read specific excerpts of Lewis's pre-sentence investigation report that dealt with his behavior while on community supervision and permitted Lewis to respond to each allegation. Specifically, the trial court questioned Lewis about a possible aggravated robbery that took place in Travis County while Lewis was on probation. Lewis explained that the aggravated robbery investigation involved a case of self-defense. According to Lewis, he tried to sell a pair of shoes and a jersey to "some guys" he located on Facebook, when they tried to rob him with a gun. Lewis told the trial court that he then reached for the gun, and the gun "end[ed] up going off." Lewis also acknowledged that he had not enrolled in any college course, despite his previous assurances to the trial court that he would enroll in college while on probation. Finally, Lewis apologized to the trial court and stated that he "took advantage" of his community supervision because he was "really just being lazy."

Here, it is undisputed that Lewis failed to properly object to either sentence at the revocation hearing. Failure to make such a timely objection does not preserve error, if any, for review. *See Hull*, 67 S.W.3d at 218; *Teixeira*, 89 S.W.3d at 192. Citing *Brown*, however, Lewis argues that a contemporaneous objection based upon a trial court's refusal to consider the entire range of punishment for an offense is required "only in instances where the prejudgment is clear and understood." Lewis further argues that the "only thing that stood out" in the trial court's comments at the revocation hearing were its criticisms of Lewis's conduct while on probation. We disagree.

5

In *Brown*, the court held that an objection was not required for preservation purposes when a trial court does not consider evidence presented at the revocation hearing. *See Brown*, 158 S.W.3d at 456–57. In this case, the record shows that the trial court considered evidence at the revocation hearing. *See id.*; *Hull*, 67 S.W.3d at 218; *Teixeira*, 89 S.W.3d at 192. The trial court held a full hearing that afforded Lewis an opportunity to explain himself to the trial court and offer any mitigating evidence against revocation. Additionally, the trial court also heard arguments from both Lewis's counsel and the State. *Brown* is distinguishable. Accordingly, because Lewis failed to properly preserve error for our review, we overrule his first issue.

### III. EXCESSIVE PUNISHMENT

By his second issue, Lewis asserts that each of the trial court's sentences was excessive. We construe this argument as a constitutional challenge under the Eighth Amendment's prohibition of cruel and unusual punishment. *See* U.S. CONST. amend. VIII; *see also Graham v. Florida*, 560 U.S. 48, 58–59 (2010).

#### A. Waiver

As a prerequisite to presenting an issue on appeal, the record must show that a complaint was made to the trial court by a request, objection, or motion, which stated the specific grounds for the complaint, and the trial court ruled on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). A defendant's failure to object in the trial court or through a post-trial motion about sentencing waives the issue on appeal. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Moreover, even constitutional claims may be waived for failure to object. *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

6

The record shows that when each of his sentences were pronounced, Lewis did not complain about the length of the sentences assessed. Furthermore, the record is void of any post-trial motion arguing the same. Therefore, because Lewis failed to preserve error, we overrule his second issue.

## IV. CONCLUSION

We affirm the trial court's judgments.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
17th day of April, 2014.