

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00291-CR

**JOSEPH ROBERT MCELWAIN, JR.,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

_____

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F46929

_____

## MEMORANDUM OPINION

_____

Joseph Robert McElwain, Jr. was convicted of burglary of a habitation and sentenced to 15 years in prison. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). Because the trial court erred in assessing attorney's fees, the assessment of attorney's fees is deleted from the judgment; and trial court's judgment is affirmed as modified.

**DUE PROCESS-FULL RANGE OF PUNISHMENT**

In his first issue, McElwain contends the trial court violated his due process

rights when it "arbitrarily" refused to consider the entire range of punishment and refused to consider mitigating evidence in determining McElwain's punishment. A trial court denies due process of law and due course of law when it arbitrarily refuses to consider the full range of punishment for an offense or refuses to consider the evidence and imposes a predetermined sentence. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). But a defendant can waive complaints of due process violations by failing to object in the trial court. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved.").

It is undisputed McElwain did not make a due-process objection in the trial court.[1] Accordingly, McElwain failed to preserve his complaint for appellate review, and his complaint is waived. *See* TEX. R. APP. P. 33.1. His first issue is overruled.[2]

## ATTORNEY'S FEES

In his second issue, McElwain argues that the evidence is legally insufficient to support the trial court's assessment of court-appointed attorney's fees against McElwain. The State agrees that the evidence is insufficient in this regard. In

---

[1] McElwain argued in his motion for new trial that his sentence was disproportionate and amounted to cruel and unusual punishment. This is not the same theory raised on appeal.

[2] Even if McElwain had preserved this issue for review, there is nothing in the record to indicate that the trial court failed to consider the full range of punishment or the mitigating evidence McElwain presented.

accordance with the opinion of the Court of Criminal Appeals in *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010), we agree that the evidence was insufficient and the judgment should be modified to delete this assessment. McElwain's second issue is sustained.

## CONCLUSION

The evidence was insufficient for the trial court to have assessed attorney's fees in the judgment, therefore, that assessment is deleted and the judgment is modified to show that the amount of costs owed by McElwain is $296.00 for court costs and no attorney's fees. Having found no other reversible error, we affirm the trial court's judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as modified
Opinion delivered and filed July 3, 2014
Do not publish
[CR25]