

IN THE
TENTH COURT OF APPEALS

———————

No. 10-14-00227-CR

PEDRO RODRIGUEZ, JR.,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

———————

From the 272nd District Court
Brazos County, Texas
Trial Court No. 09-03781-CRF-272

## MEMORANDUM OPINION

Pedro Rodriguez, Jr. appeals from a judgment revoking his community

supervision for the offense of robbery. TEX. PEN. CODE ANN. § 29.02 (West 2011). After

a contested revocation proceeding, the trial court revoked Rodriguez's community

supervision and sentenced him to ten years in prison. Rodriguez complains that the

trial court denied him due process of law by refusing to consider the entire range of

punishment and to consider the evidence that was presented on his behalf. Because we

find that this complaint was not properly preserved, we affirm the judgment of the trial court. We also deny the State's motion to supplement the record as moot.

At the beginning of the hearing on the motion to revoke Rodriguez's community supervision, the trial court was advised that Rodriguez had stopped complying with all of the terms of his probation for approximately 18 months prior to the hearing, including reporting to his community supervision officer or completing community service. Since being placed on community supervision, Rodriguez had also been convicted of burglary of a building, was discharged from his outpatient drug treatment after successfully completing SAFPF, and had a positive drug test. The trial court asked Rodriguez's counsel at that time:

> What are you going to do to counteract this obvious attack by the State that he's had a robbery probation, picked up a State jail while on probation and, then, just stops reporting? What — what is — what conceivably could be a reason I wouldn't want to revoke him for the full term and put him in prison? Go ahead, sir.

After the trial court's question, Rodriguez's trial counsel informed the trial court that he intended to present witnesses in an effort to convince the trial court to allow Rodriguez to continue on community supervision.

At the end of the hearing, after Rodriguez's trial counsel's closing argument which asked the trial court to continue Rodriguez on community supervision, the trial court pronounced sentence as follows:

> No, sir. I can't do that. Stand up, sir.

I find all the allegations to be true and hereby revoke your probation. I assess your punishment at ten years in the Institutional Division of the Texas Department of Criminal Justice. I'm not sure you'll benefit, sir, by prison; but the system will benefit because we cannot allow people just to stop reporting. That's the cardinal sin; and you just decided that you were not going to report any more; so, that put you in prison, that decision right there.

And you got some good things going for you. You got a nice fiancee there and a lot of reasons to – to do right and go on; but you made the conscious decision you're not going to report; so, that's just automatic. You're going to prison. Automatic.

Rodriguez's trial counsel did not object or otherwise complain to the trial court regarding the trial court's statements. In this appeal, Rodriguez complains that the trial court's statements during the pronouncement of his sentence demonstrate that the trial court violated his due process rights by refusing to consider the full range of punishment or the evidence that he had presented on his behalf.

A trial court denies due process of law and due course of law when it arbitrarily refuses to consider the full range of punishment for an offense or refuses to consider the evidence and imposes a predetermined sentence. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). However, complaints of due process violations can be waived by failing to object in the trial court. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved.").

The record establishes that Rodriguez did not make a due process objection to the trial court. Accordingly, Rodriguez failed to properly preserve his complaint for appellate review, and therefore, his complaint is waived. *See* TEX. R. APP. P. 33.1. We overrule Rodriguez's sole issue.

### *Conclusion*

Having found that Rodriguez's complaint was not properly preserved, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 30, 2015
Do not publish
[CR25]

