

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00103-CR

_____


MARCUS DEWAYNE HAWKINS, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27925


Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

A Lamar County jury found Marcus Dewayne Hawkins guilty of two counts of aggravated sexual assault with a deadly weapon, one count of robbery, and one count of credit card or debit card abuse. After a bench trial on punishment, Hawkins was sentenced to life imprisonment for each count of aggravated sexual assault, thirty years' imprisonment for robbery, and two years' imprisonment for credit card or debit card abuse. On appeal, Hawkins challenges the qualifications of the expert who found him competent to stand trial. Because Hawkins waived his sole point of error for review, we affirm the trial court's judgment.

The Texas Code of Criminal Procedure specifies certain qualifying criteria for a psychiatrist or psychologist appointed by a trial court to conduct a competency examination. Under Article 46B.022,

> (a)    To qualify for appointment under this subchapter as an expert, a psychiatrist or psychologist must:
>
> (1)    as appropriate, be a physician licensed in this state or be a psychologist licensed in this state who has a doctoral degree in psychology; and
>
> (2)    have the following certification or training:
>
> (A)    as appropriate, certification by:
>
> (i)    the American Board of Psychiatry and Neurology with added or special qualifications in forensic psychiatry; or
>
> (ii)    the American Board of Professional Psychology in forensic psychology; or
>
> (B)    training consisting of:
>
> (i)    at least 24 hours of specialized forensic training relating to incompetency or insanity evaluations; and

2

> (ii)     at least eight hours of continuing education relating to forensic evaluations, completed in the 12 months preceding the appointment.
>
> (b)     In addition to meeting qualifications required by Subsection (a), to be appointed as an expert a psychiatrist or psychologist must have completed six hours of required continuing education in courses in forensic psychiatry or psychology, as appropriate, in either of the reporting periods in the 24 months preceding the appointment.

*See* TEX. CODE CRIM. PROC. ANN. art. 46B.022. Hawkins complains that nothing in the record established that the psychologist appointed to conduct his competency examination met the statutory requirements.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1); *see Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (a complaint about the qualifications of an expert must be preserved by a specific objection). Also, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Hawkins made no complaint about the psychologist's qualifications to the trial court. As a result, we conclude that Hawkins failed to preserve his sole point of error for our review.

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     October 16, 2019
Date Decided:       October 23, 2019

Do Not Publish