

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00055-CR

_____

ESSEIN ERNEST IKPE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27950

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Essein Ernest Ikpe was found competent to stand trial by Dr. David Bell, PhD. After trial to a Lamar County jury, Ipke was found guilty of possessing less than one gram of amphetamine and was sentenced to six months' confinement in state jail. On appeal, Ikpe questions whether Bell was qualified to conduct his competency examination. Because we find Ikpe's sole point of error on appeal unpreserved, we affirm the trial court's judgment.

Pursuant to his attorney's request, Ipke's competence to stand trial was evaluated by Bell. The trial court's order for examination recited that Bell was "found by the Court to be a disinterested expert experienced and qualified in mental health." Ipke denied having past mental-health treatment, hospitalization, medication, or counseling. After interviewing Ipke, Bell concluded that he was competent to stand trial. Ipke's counsel did not object to the report.

On appeal, Ipke argues that the record fails to show Bell's statutory qualifications to render an opinion on his competence. Article 46B.022 of the Texas Code of Criminal Procedure specifies certain qualifying criteria for a psychiatrist or psychologist appointed by a trial court to conduct a competency examination.[1] Ipke did not challenge Bell's qualifications below, but raises the issue for the first time on appeal.

---

[1] Under Article 46B.022,

> (a)    To qualify for appointment under this subchapter as an expert, a psychiatrist or psychologist must:
> (1)    as appropriate, be a physician licensed in this state or be a psychologist licensed in this state who has a doctoral degree in psychology; and
> (2)    have the following certification or training:
> (A)    as appropriate, certification by:
> (i)    the American Board of Psychiatry and Neurology with added or special qualifications in forensic psychiatry; or
> (ii)    the American Board of Professional Psychology in forensic psychology; or

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1); *see Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (a complaint about the qualifications of an expert must be preserved by a specific objection). Also, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Ipke raised no complaint about Bell's qualifications to the trial court. As a result, he cannot challenge those qualifications on appeal.

We overrule Ipke's sole point of error because it is unpreserved. We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted: November 12, 2019
Date Decided: November 13, 2019

Do Not Publish

---

(B)	training consisting of:
(i)	at least 24 hours of specialized forensic training relating to incompetency or insanity evaluations; and
(ii)	at least eight hours of continuing education relating to forensic evaluations, completed in the 12 months preceding the appointment.
(b)	In addition to meeting qualifications required by Subsection (a), to be appointed as an expert a psychiatrist or psychologist must have completed six hours of required continuing education in courses in forensic psychiatry or psychology, as appropriate, in either of the reporting periods in the 24 months preceding the appointment.
*See* TEX. CODE CRIM. PROC. ANN. art. 46B.022.