COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-018-CR

 

 

MANUEL ACOSTA GRIJALVA                                               APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant Manuel Acosta
Grijalva appeals his conviction and sentence for aggravated sexual assault of a
child under fourteen.  We affirm.








The parties are familiar with
the facts of this case and the law is well-settled.  In a single point on appeal, appellant
contends that his trial lawyer provided constitutionally ineffective assistance
of counsel because he failed to obtain a Amitigation specialist@ to assist in the investigation and handling of his case.  He asserts that because he entered an open
plea to the jury, his defense strategy was obviously to persuade the jury to
assess a lenient sentence, and that it was, therefore, incumbent upon his
lawyer to engage a mitigation expert to explore appellant’s background and life
circumstances to uncover evidence that could be presented to the jury in hopes
of reducing the sentence the jury might impose. 








We apply a two-pronged test
to ineffective assistance of counsel claims.[2]  First, appellant must show that counsel=s performance was deficient, which requires a showing that counsel
made such serious errors that he or she was not functioning as the Acounsel@ guaranteed
by the Sixth Amendment.[3]  Counsel=s performance is only deficient if it fell below an objective standard
of reasonableness measured by prevailing professional norms.[4]
The record must be sufficiently developed to overcome a strong presumption that
counsel provided reasonable assistance.[5]   Our scrutiny of counsel=s performance must be highly deferential, making every effort to
eliminate the distorting effects of hindsight.[6]


Second, appellant must show
that counsel=s deficient
performance prejudiced the defense; this requires a showing that counsel=s errors were so serious as to deprive the defendant of a fair trial.[7]  Appellant must show that there is a
reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.[8]


A claim of ineffective
assistance of counsel must be firmly grounded in, and supported by, the record.[9]  When the record is silent as to possible
trial strategies employed by defense counsel, we will not speculate on the
reasons for those strategies.[10]








There is a substantial risk
of failure when a claim of ineffective assistance of counsel is brought on
direct appeal.[11]  AUnder normal circumstances, the record on direct appeal will not be
sufficient to show that counsel=s representation was so deficient and so lacking in tactical or
strategic decision making as to overcome the presumption that counsel=s conduct was reasonable and professional.@[12]








This case demonstrates the Ainadequacies inherent in evaluating ineffective assistance claims on
direct appeal.@[13]  Appellant did not file a
motion for new trial to afford the trial court a chance to hold a hearing and
inquire into the reasons for trial counsel=s acts or omissions or the extent to which counsel investigated appellant=s background and life circumstances to uncover any evidence that might
have been offered in mitigation of the acts appellant perpetrated upon his
victim.  Nor is there any evidence in the
record indicating that any such mitigation evidence existed to be discovered by
a mitigation specialist had appellant obtained one.[14]  Given the record before us, there is nothing
to rebut the presumption of reasonably effective assistance of counsel, and we
will not speculate to the contrary.[15]   Because appellant has failed to meet the first
prong of Strickland, we overrule his sole point.

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DO NOT PUBLISH 

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 16, 2008                                

 

 











[1]See Tex.
R. App. P. 47.4.





[2]Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 





[3]Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.





[4]Id. at
688B89,
104 S. Ct. at 2065.





[5]Bone
v. State, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App.
2002); Thompson, 9 S.W.3d at 813B14.





[6]Strickland, 466
U.S. at 689, 104 S. Ct. at 2065.





[7]Id. at
687, 104 S. Ct. at 2064.





[8]Id. at
694, 104 S. Ct. at 2068.





[9]Thompson, 9
S.W.3d at 814; Jackson v. State, 973 S.W.2d 954, 961 (Tex. Crim. App. 1998).





[10]See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).





[11]Thompson, 9
S.W.3d at 813.





[12]Bone, 77
S.W.3d at 833.





[13]Patterson
v. State, 46 S.W.3d 294, 306 (Tex. App.CFort
Worth 2001, no pet.).





[14]See
Teixeira v. State, 89 S.W.3d 190, 193B94
(Tex. App.CTexarkana  2002, pet. ref’d).





[15]Jackson, 877
S.W.2d at 771; see id.