

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-018-CR

MANUEL ACOSTA GRIJALVA                                  APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Manuel Acosta Grijalva appeals his conviction and sentence for aggravated sexual assault of a child under fourteen. We affirm.

The parties are familiar with the facts of this case and the law is well-settled. In a single point on appeal, appellant contends that his trial lawyer provided constitutionally ineffective assistance of counsel because he failed to

---

[1] *See* Tex. R. App. P. 47.4.

obtain a "mitigation specialist" to assist in the investigation and handling of his case. He asserts that because he entered an open plea to the jury, his defense strategy was obviously to persuade the jury to assess a lenient sentence, and that it was, therefore, incumbent upon his lawyer to engage a mitigation expert to explore appellant's background and life circumstances to uncover evidence that could be presented to the jury in hopes of reducing the sentence the jury might impose.

We apply a two-pronged test to ineffective assistance of counsel claims.[2] First, appellant must show that counsel's performance was deficient, which requires a showing that counsel made such serious errors that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.[3] Counsel's performance is only deficient if it fell below an objective standard of reasonableness measured by prevailing professional norms.[4] The record must be sufficiently developed to overcome a strong presumption that counsel

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[3] *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

[4] *Id.* at 688–89, 104 S. Ct. at 2065.

provided reasonable assistance.[5] Our scrutiny of counsel's performance must be highly deferential, making every effort to eliminate the distorting effects of hindsight.[6]

Second, appellant must show that counsel's deficient performance prejudiced the defense; this requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.[7] Appellant must show that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[8]

A claim of ineffective assistance of counsel must be firmly grounded in, and supported by, the record.[9] When the record is silent as to possible trial strategies employed by defense counsel, we will not speculate on the reasons for those strategies.[10]

---

[5] *Bone v. State,* 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002); *Thompson,* 9 S.W.3d at 813–14.

[6] *Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065.

[7] *Id.* at 687, 104 S. Ct. at 2064.

[8] *Id.* at 694, 104 S. Ct. at 2068.

[9] *Thompson,* 9 S.W.3d at 814; *Jackson v. State,* 973 S.W.2d 954, 961 (Tex. Crim. App. 1998).

[10] *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

There is a substantial risk of failure when a claim of ineffective assistance of counsel is brought on direct appeal.[11] "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional."[12]

This case demonstrates the "inadequacies inherent in evaluating ineffective assistance claims on direct appeal."[13] Appellant did not file a motion for new trial to afford the trial court a chance to hold a hearing and inquire into the reasons for trial counsel's acts or omissions or the extent to which counsel investigated appellant's background and life circumstances to uncover any evidence that might have been offered in mitigation of the acts appellant perpetrated upon his victim. Nor is there any evidence in the record indicating that any such mitigation evidence existed to be discovered by a mitigation specialist had appellant obtained one.[14] Given the record before us, there is

---

[11] *Thompson,* 9 S.W.3d at 813.

[12] *Bone,* 77 S.W.3d at 833.

[13] *Patterson v. State,* 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).

[14] *See Teixeira v. State*, 89 S.W.3d 190, 193–94 (Tex. App.—Texarkana 2002, pet. ref'd).

4

nothing to rebut the presumption of reasonably effective assistance of counsel, and we will not speculate to the contrary.[15]   Because appellant has failed to meet the first prong of *Strickland*, we overrule his sole point.

Having overruled appellant's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 16, 2008

---

[15] *Jackson,* 877 S.W.2d at 771; *see id*.