**Affirmed and Memorandum Opinion filed August 22, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00907-CR

---

**RONALD GUILBEAUX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Court Cause No. 11-12335**

---

## MEMORANDUM OPINION

A jury convicted appellant Ronald Guilbeaux of aggravated sexual assault of a child. The trial court assessed punishment at fifty years' confinement. Appellant asserts that the trial court erred in determining the range of punishment for this offense and that, by applying an incorrect range of punishment, the trial court failed to consider the full range of punishment for the charged offense and violated appellant's due process rights. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with the offense of aggravated sexual assault of a child younger than fourteen years of age. *See* Tex. Penal Code § 22.021(a)(2)(B). The indictment alleged that the complainant was younger than fourteen years of age but did not allege that the complainant was younger than six years of age at the time the offense was committed. The minimum term of imprisonment for this offense increases to twenty-five years if the victim of the offense was younger than six years of age at the time the offense was committed. *See id.* § 22.021(f)(1).

At the beginning of the guilt/innocence phase, the trial court confirmed with appellant that he wanted the trial court to assess punishment. Appellant's counsel agreed with the trial court that if the complainant was younger than six years of age, then the minimum term of imprisonment for this offense increases to twenty-five years. In open court, appellant stated that he had discussed the range of punishment with his lawyer, and appellant's lawyer stated that, under the Texas Penal Code, if convicted, appellant would face a minimum punishment of twenty-five years' confinement. Appellant's counsel also stated that the complainant was five years old at the time of the alleged offense.

After the jury found appellant guilty, appellant obtained new counsel. At the punishment hearing, appellant's new counsel objected that the minimum punishment for this offense should be five years' confinement, because the indictment did not allege that the complainant was younger than six years of age when the offense was committed. The trial court stated that there was no dispute that the complainant was younger than six years of age when the offense was committed and that appellant had notice before trial that the minimum punishment would be twenty-five years' confinement if he were found guilty. At the end of the punishment hearing, the trial court assessed punishment at fifty years'

confinement, indicating that, even if the minimum punishment had been five years' confinement, the trial court would have assessed the same punishment.

## II. ISSUE AND ANALYSIS

A person commits aggravated sexual assault of a child if the person sexually assaults another and the victim is younger than fourteen years of age at the time of the offense. *See* Tex. Penal Code § 22.021(a)(2)(B). This offense is prescribed as a felony of the first degree, which is punishable by life imprisonment or by any term between five and ninety-nine years. *See id.* §§ 12.32(a), 22.021(e). If the victim is younger than six years of age when the offense was committed, however, the minimum term of imprisonment is increased to twenty-five years. *See id.* § 22.021(f)(1). On appeal, appellant asserts two arguments under a single appellate issue: (1) the trial court erred in determining the range of punishment for this offense; and (2) by applying an incorrect range of punishment, the trial court failed to consider the full range of punishment for the charged offense and violated appellant's due process rights.

As to the second argument, appellant failed to preserve error by voicing this constitutional complaint in the trial court.[1]  *See Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (holding that, to preserve error as to alleged violation of due process by trial court's failure to consider full range of punishment, complaint must be asserted in the trial court).  Accordingly, appellant waived this complaint.

As to the first argument, appellant asserts that the trial court had to determine the range of punishment based on the allegations of the indictment, and because the indictment contained no allegation that the complainant was younger

---

[1] Even if appellant had preserved error, we would conclude that the trial court did not violate appellant's due process rights.

than six years of age when the offense was committed, the trial court should have determined that the minimum punishment for this offense was five years' confinement. Appellant's argument is without merit. An indictment must allege "everything necessary to be proven to sustain a conviction *in the guilt/innocence phase*." *Sharp v. State*, 707 S.W.2d 611, 624 (Tex. Crim. App. 1986) (emphasis in original). In this case, the State had the burden of proving that appellant sexually assaulted a child younger than fourteen years of age at the time of the offense. *See* Tex. Penal Code § 22.021(a)(2)(B). The offense does not include an additional element that the victim was younger than six years of age when the offense was committed. Because this younger age of the complainant affects the range of punishment for the offense, rather than the proof needed to convict, the younger age did not need to be expressly alleged in the indictment. *See Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997) (holding that enhancement allegations do not need to be specified in the indictment, provided that the defendant received other forms of notice). Therefore, the second argument lacks merit.

For the foregoing reasons, we overrule appellant's appellate issue and affirm the trial court's judgment.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Brown, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).