ACCEPTED
12-15-00195-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/30/2015 12:00:00 AM
Pam Estes
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00195-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/28/2015 5:41:54 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

STEVEN MOORE,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL IN CAUSE NUMBER 007-0446-15
FROM THE 7TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Steven Moore

APPELLANT'S TRIAL COUNSEL:
    O.W. Loyd
    1507 Frost Street
    Gilmer, Texas 75644
    903-843-9469

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Morgan Biggs
    Brent Ratekin
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720
    903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720
    903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Issue One: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due process of law under the United States Constitution.

    Issue Two: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due course of law under the Texas Constitution.

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUE TWO, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. The Law Requires a Neutral Tribunal. . . . . . . . . . . . . . . . . . . . 4
    B. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    C. Structural Error Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## CONSTITUTIONS

U.S. CONST. Amend. XIV.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. CONST. art. I, §19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


## STATUTES

TEX. PENAL CODE ANN. § 12.42(d) (West 2014). . . . . . . . . . . . . . . . . . . 3

TEX. HEALTH AND SAFETY CODE ANN. §481.112 (West 2014).. . . . . . . 1, 3


## CASES

Arizona v. Fulminante, 4449 U.S. 279, 111 S. Ct. 1246,

    113 L.Ed.2d 302 (1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ex parte Brown, 158 S.W.3d 449 (Tex. Crim. App. 2005). . . . . . . . . . . . 5

Brumit v. State, 206 S.W.3d 639 (Tex. Crim. App. 2006). . . . . . . . . . . . 5

Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L.Ed.2d (1973). . 5

Lagrone v. State, 84 Tex. Crim. 609, 209 S.W. 411 (1919). . . . . . . . . . . 5

McClenan v. State, 661 S.W.2d 108 (Tex. Crim. App. 1983). . . . . . . . . . 6

Texeira v. State, 89 S.W.3d 190 (Tex. App. – Texarkana

    2002, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


## RULES

TEX. R. APP. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-15-00195-CR

| | | |
|---|---|---|
| STEVEN MOORE<br>APPELLANT | § <br> § <br> § | IN THE COURT OF APPEALS |
| VS. | § <br> § | 12TH JUDICIAL DISTRICT |
| THE STATE OF TEXAS,<br>APPELLEE | § <br> § <br> § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS
AND THE JUSTICES THEREOF:

Steven Moore ("Appellant"), by and through his attorney of record,

James Huggler, and pursuant to the provisions of TEX. R. APP. PROC.38,

et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted for the first degree felony offense of

possession with intent to deliver a controlled substance, cocaine, in an

amount of between four and two hundred grams. I CR 4.[1] TEX. HEALTH

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding CR specifying the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

1

AND SAFETY CODE ANN. §481.12(a) and (d) (West 2014). Prior to jury

selection, Mr. Moore entered a plea of guilty without an agreement to the

indictment, and true pleas to the enhancements. I CR 43 and 46, III RR

54, 55 and 64.[2] Following evidence and argument of counsel at a later

hearing, the trial court imposed a thirty-five year sentence. I CR 59; IV

RR 20. Notice of appeal was timely filed on August 6, 2015. I CR 66.

This brief is timely filed on or before November 30, 2015.


## ISSUES PRESENTED

Issue One: By entering a finding of guilt, prior to receiving any evidence
as to punishment, the trial court foreclosed deferred adjudication as a
possible sentence violating his right to due process of law under the
United States Constitution.

Issue Two: By entering a finding of guilt, prior to receiving any evidence
as to punishment, the trial court foreclosed deferred adjudication as a
possible sentence violating his right to due course of law under the Texas
Constitution.

---

[2]References to the Reporter's Record are made using "RR" with a roman numeral preceding
"RR" indicating the correct volume and an arabic number following specifying the correct page.

2

## STATEMENT OF THE FACTS

The case involves possession of cocaine with intent to distribute. I CR 4; TEX. HEALTH AND SAFETY CODE §§ 481.112(a) and (d) (West 2014). This first degree felony was enhanced to a habitual offense by the inclusion of two previous sequential felony convictions. I CR 4. TEX. PENAL CODE ANN. §12.42(d) (West 2014). Prior to the selection of a jury, and on the day of trial, Mr. Moore entered a plea of guilty without an agreement to the offense as alleged including the enhancement paragraphs. I CR 43; III RR 54. Following the admission of the stipulation, the trial court found Mr. Moore guilty of the offense, the enhancement paragraphs true and recessed for a later punishment hearing. III RR 73. Following evidence and argument of counsel, the court sentenced Mr. Moore to thirty-five years confinement, no fine and court costs were assessed. IV RR 20; I CR 59-60.

Counsel has reviewed the record in the case thoroughly, and presents two issues. A discussion of relevant facts for those issues is included in the argument section of this brief.

3

## SUMMARY OF ARGUMENT

By finding Mr. Moore guilty of the offense with only the stipulation of evidence before him, the trial court necessarily foreclosed any option, even a remote one, of allowing the finding of guilt be deferred. This prevented even the opportunity to seek a possible resolution in the case.

## ARGUMENT

Issue One, Restated: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due process of law under the United States Constitution.

Issue Two, Restated: By entering a finding of guilt, prior to receiving any evidence as to punishment, the trial court foreclosed deferred adjudication as a possible sentence violating his right to due course of law under the Texas Constitution.

### A. The Law Requires a Neutral Tribunal

The Fourteenth Amendment provides that the state may not "deprive any person of life, liberty, or property, without due process of law. U.S. CONST. Amend. XIV. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner

4

disenfranchised, except by the due course of the law of the land. Tᴇx. Cᴏɴsᴛ. art. I, §19. Due process requires that the trial court conduct itself in a neutral and detached manner. Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d (1973); Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process. Ex parte Brown, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005); Brumit at 645.

The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. Lagrone v. State, 84 Tex. Crim. 609, 209 S.W. 411, 415 (1919). A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App. – Texarkana 2002, pet. ref'd).

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. Ex parte Brown, 158 S.W.3d 449, 454 (Tex. Crim. App.

2005); <u>McClenan v. State</u>, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983).

### B. Application to These Facts

Mr. Moore entered his plea of guilty, the stipulation of evidence and was almost immediately found guilty by the trial court prior to any evidence regarding punishment in the case. While the trial court knew the state had alleged prior convictions, the court, at that point in time, did not know if there might be some set of circumstances which would make the appropriate resolution in the case being to defer a finding of guilt and allow Mr. Moore the opportunity to prove himself to the court. I CR 4, 15-16. While that possibility is remote for a habitual offender, the law still allows a deferral of guilt to occur in this case.

The State may argue that because of the motion to suppress, and a lengthy discussion of the facts and a review of video evidence prior to the entry of the plea, the trial court had enough information to make this determination. III RR 4-48. However, that only concerned the actions on the day alleged in the indictment, and the court would not have been aware of any other circumstances in Mr. Moore's life which might affect a sentencing decision.

6

## C. Structural Error Analysis

These errors in conjunction constitute structural error and need not be preserved by contemporaneous objection and require a reversal of these judgments. Structural error affects the conduct of the trial and is not subject to a harm analysis. <u>Arizona v. Fulminante</u>, 449 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Structural error has been found in the deprivation of the right to an impartial judge. <u>Id</u>.

It is anticipated that the State will object to these two points of error by arguing that there were no timely objections to the trial court's comments. However, that analysis side-steps the issue of whether or not this is structural error. If it is structural error as Appellant contends, no contemporaneous objection is necessary.

## D. Remedy and Relief Requested

The judgment of conviction should be reversed and the case remanded to the trial court, the trial court should be recused and a neutral magistrate should hear the revocation proceedings or assess sentence.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully pays that the trial court's judgment be reversed in accordance with the first and second issues.

Respectfully submitted,


 /s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
jhugglerlaw@sbcglobal.net

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by regular mail or electronic filing on this the 28th day of November, 2015.


/s/ James Huggler
James W. Huggler, Jr.


Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702


## CERTIFICATE OF COMPLIANCE

I certify that in compliance with TEX. R. APP. P. 9.4, this document contains 1, 906 words as calculated by Corel WordPerfect version X5 using 14 point Century font and complies with the other requirement of Rule 9.4.


/s/ James Huggler
James W. Huggler, Jr.