

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00126-CR

---

JIMMY WAYNE CARR, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27656

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

After Jimmy Wayne Carr was found competent to stand trial by David Bell, Ph.D., Carr was found guilty by the trial court of assault on a public servant and was sentenced to eight years' imprisonment.[1] In this appeal,[2] Carr contends that, since Bell's qualifications do not appear in his report, there was insufficient evidence to find him competent to stand trial. Because Carr did not preserve his complaint regarding Bell's qualifications, we affirm the trial court's judgment.

After his attorney filed a motion to have Carr's competency to stand trial evaluated, the trial court appointed Bell to make the evaluation. The trial court's order recited that Bell was "found by the Court to be a disinterested expert experienced and qualified in mental health." In his interview with Bell, Carr claimed that he had been diagnosed with post-traumatic stress syndrome (PTSD), that he had received inpatient treatment at Glen Oaks Hospital and received medications for psychotic thinking, that he had multiple personalities, and that he was then going to Celebrate Recovery for mental illness problems. Nevertheless, Bell found that Carr understood the charges against him in a rational and factual way; that he was able to disclose pertinent facts, events, and states of mind to counsel; that he was able to discuss probation, parole, and plea bargains; that he understood the adversarial nature of the proceedings; that he exhibited appropriate behavior; and that he would be able to testify. Although Bell did not challenge the PTSD diagnosis, he noted that Carr's behavior was not consistent with multiple personality disorder. He found that any mental illness would not impact Carr's capacity to engage with his attorney in a

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Supp.).

[2]In cases that were consolidated for trial with this case, Carr was also convicted of ten counts of possession of child pornography and one other count of assault on a public servant. These convictions have also been appealed to this Court and are addressed in opinions released the same date as this opinion.

rational manner. Although Carr was taking psychoactive medication, Bell found that that would not have an impact on his appearance, demeanor, or ability to participate in the proceedings. Bell concluded that Carr was competent to stand trial.

On appeal, Carr argues that, since Bell's report does not contain a recitation of his statutory qualifications to be appointed as an expert to make a competency evaluation,[3] the report could not be considered by the trial court. Therefore, he reasons, there was insufficient evidence to find him competent to stand trial. Carr did not object to the report or challenge Bell's qualifications in the trial court; rather, he raises this issue for the first time on appeal.

---

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 46B.022. Article 46B.022 provides,

      (a)     To qualify for appointment under this subchapter as an expert, a psychiatrist or psychologist must:

      (1)     as appropriate, be a physician licensed in this state or be a psychologist licensed in this state who has a doctoral degree in psychology; and

      (2)     have the following certification or training:

      (A)     as appropriate, certification by:

      (i)     the American Board of Psychiatry and Neurology with added or special qualifications in forensic psychiatry; or

      (ii)     the American Board of Professional Psychology in forensic psychology; or

      (B)     training consisting of:

      (i)     at least 24 hours of specialized forensic training relating to incompetency or insanity evaluations; and

      (ii)     at least eight hours of continuing education relating to forensic evaluations, completed in the 12 months preceding the appointment.

      (b)     In addition to meeting qualifications required by Subsection (a), to be appointed as an expert a psychiatrist or psychologist must have completed six hours of required continuing education in courses in forensic psychiatry or psychology, as appropriate, in either of the reporting periods in the 24 months preceding the appointment.

TEX. CODE CRIM. PROC. ANN. art. 46B.022(a)–(b).

We recently addressed this same issue in *Ipke v. State*, No. 06-19-00055-CR, 2019 WL 5943481 (Tex. App.—Texarkana Nov. 13, 2019, no pet. h.) (mem. op., not designated for publication).[4] In *Ipke*, we held,

> To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1); *see Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (a complaint about the qualifications of an expert must be preserved by a specific objection). Also, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

*Id.* at *1. As in *Ipke*, Carr raised no complaint about Bell's qualifications in the trial court.

Consequently, he has not preserved this issue. We overrule Carr's sole issue on appeal.

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     December 30, 2019
Date Decided:     January 9, 2020

Do Not Publish

---

[4]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).