**Affirmed and Opinion Filed November 28, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01405-CR

### ERIC A. EDELSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82163-2014**

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Bridges

Eric A. Edelson appeals his convictions on five counts of sexual assault of a child and two counts of indecency with a child. Appellant entered a guilty plea to each offense, and the trial court sentenced him to eight years' confinement on each count. In a single issue, appellant argues the trial court erred in denying his motion for new trial because his trial counsel was ineffective. We affirm the trial court's judgment.

After appellant entered his pleas of guilty to the charged offenses, the trial court conducted a sentencing hearing at which appellant admitted committing the charged offenses and expressed remorse. Appellant admitted that he was forty years old, and the victim was a sixteen-year-old girl. Appellant testified that, at the time of the offenses, he was living with the victim's aunt. Appellant testified he knew the victim was sixteen at the time of the offenses, and he

talked with the victim and knew she "had been abused some way sexually by her cousin." Appellant expressed his willingness to fulfill any requirements imposed upon him if he received probation. Nevertheless, the trial court sentenced him to eight years' confinement on each count.[1] The trial court denied appellant's subsequent motion for new trial, and this appeal followed.

In a single issue, appellant argues the trial court erred in denying his motion for new trial because his trial counsel was ineffective in failing to enlist the services of a licensed sex offender treatment provider. Appellant argues this failure left "nothing on which the Trial Court could base the statutorily required finding of 'best interests of justice' to grant deferred adjudication community supervision without the completion of a risk assessment and the other plethora of tests performed by the Licensed Sex Offender Treatment Provider." In making this argument, appellant concedes that trial counsel presented "some vaguely referred to written report by a Ms. Jennifer Edwards, in conjunction with the pre-sentence investigation ordered in this case." However, appellant complains trial counsel presented no live testimony from Edwards, no testing results, no evaluations, no statistical data, and no rates of re-offending.

Ineffective assistance of counsel may be raised in a motion for new trial. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Under *Strickland v. Washington*, a defendant seeking to challenge counsel's representation must establish that his counsel's performance (1) was deficient and (2) prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith*, 286 S.W.3d at 340. To show deficiency, appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms. *Smith*, 286 S.W.3d at 340. And to show prejudice, appellant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the

---

[1] In his brief, appellant notes the State offered a plea-bargain agreement of twelve years' confinement.

result of the proceeding would have been different. *Id.* Reasonable probability is a probability sufficient to undermine confidence in the outcome, meaning counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* Before he will be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Id.* at 340-41.

By virtue of the fact that the trial court is charged with initially ruling on an appellant's motion for new trial, that court will decide, in the first instance, whether the appellant has carried his burden with respect to the elements of his claim of ineffective assistance. *Odelugo v. State*, 443 S.W.3d 131, 137 (Tex. Crim. App. 2014). In doing so, the trial court has the right to accept or reject any part of a witness's testimony. *Id.* Indeed, as the sole factfinder and judge of the credibility and weight of each piece of evidence, whether presented during live testimony or in affidavits, the trial court is within its right to disbelieve any of the assertions upon which appellant's claims of ineffective assistance of counsel are based, so long as the basis for that disbelief is supported by at least one reasonable view of the record. *Id.* This is true even when the State does not deign to controvert the evidence, affidavit or otherwise, that the appellant presents. *Id.* Finally, because claims of ineffective assistance of counsel involve mixed questions of law and fact that often contain subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses, an appellate court should review the trial court's rulings on the matter for an abuse of discretion, reversing only if the trial judge's ruling was clearly erroneous and arbitrary, such as when no reasonable view of the record could support the trial court's ruling. *Id.*

During the sentencing hearing, the following exchange occurred between appellant and his trial counsel:

> COUNSEL: Eric, now there was a report done by Jennifer Edwards[2], and she supplied us with a copy of this, and the State was kind enough to allow me to let the judge review it so he has a copy of it. On – near the back of it it says, "Should Mr. Edelson be offered the opportunity to remain in the community, the following recommendations would be made: Have no contact with any children under 18." Could you abide by that?
>
> APPELLANT: Absolutely.
>
> COUNSEL: "Attend, participate in, and complete sex offender treatment with a Licensed Sex Offender Treatment Provider." You understand that?
>
> APPELLANT: Yes, I do. I really do.
>
> COUNSEL: "Take maintenance polygraphs every 6 to 12 months."
>
> APPELLANT: Yes.
>
> COUNSEL: "Take an offense polygraph with a certified polygraph examiner within 30 days of starting sex offender treatment."
>
> APPELLANT: Yes.
>
> COUNSEL: "No possession or use of pornography."
>
> APPELLANT: Yes.
>
> COUNSEL: "No alcohol or drug use, including – to include random and scheduled U.A.'s and hair follicle tests." You understand those tests say – keeps you from using illegal drugs?
>
> APPELLANT: Yes.
>
> COUNSEL: Would you be willing to do those things if you were granted probation?
>
> APPELLANT: Absolutely. I did all – when I was offered a PSI, I followed all of the [sic] and did all of the evaluations in a timely manner with both Ms. Edwards, and I forget the other guy's name.

---

[2] The record contains the affidavit of appellant's trial counsel in which he identifies Edwards' report as a "Pre-Adjudication Sex Offender Evaluation."

Thus, the record shows Edwards prepared a pre-adjudication sex offender evaluation which the trial court reviewed and which recommended certain requirements that should be imposed if appellant received community supervision. Appellant was able to express at the hearing his consent to these terms and his willingness to accept them. To the extent appellant argues the trial court had nothing on which to base a decision to place appellant on deferred adjudication community supervision, the record does not support appellant's claim.

As to appellant's claim that his trial counsel was ineffective in failing to enlist the services of a licensed sex offender treatment provider, appellant has failed to show what the testimony of such a treatment provider would have been. In order for appellant's argument to have merit, there must be some showing in the record that an expert would have testified in a manner that would have benefitted appellant. *Teixeira v. State*, 89 S.W.3d 190, 194 (Tex. App.—Texarkana 2002, pet. ref'd) (trial counsel not ineffective in failing to request sexual offense expert be appointed to assist at trial or in mitigation of punishment). Without such a showing, appellant's *Strickland* attack on his conviction is not sustainable. *Id.* We are unwilling to take the position that an expert must be obtained in all sexual assault cases. *Id.* We overrule appellant's sole issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

151405F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC A. EDELSON, Appellant

No. 05-15-01405-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-82163-2014.
Opinion delivered by Justice Bridges.
Justices Evans and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 28, 2016.